■ BETTY MYERS, Appellant, v. JOHN MYERS, Respondent.— Judgment unanimously affirmed, without costs to either party. No opinion. Concur — Breitel, J. P., Rabin, Frank, McNally and Stevens, JJ.

■ JOHN D. TRACY, Appellant, v. NEWSDAY, INC., et al., Respondents.— Order and judgment unanimously reversed on the law, and the motion denied, with costs to appellant. The allegedly libelous article stated that the police were unable to learn where Jerome and plaintiff had taken Jerome's luggage,

and that plaintiff was the last person to hear from Jerome before he vanished. Arguably, such statements could support the inference claimed, that plaintiff knowingly aided Jerome in jumping bail. This may not be the only meaning to be placed upon the words used. But that is not the test. It is enough that a reasonable basis exists for such an interpretation. It is for the jury to decide whether for the ordinary and average reader the sense of the article is that plaintiff knowingly assisted Jerome in jumping bail (*Mencher* v. *Chesley*, 297 N. Y. 94, 100). Concur — Breitel, J. P., Rabin, Frank, McNally and Stevens, JJ.